**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARSHA WETZEL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-cv-07598 |
| | ) | |
| v. | ) | Honorable Judge Samuel Der-Yeghiayan |
| | ) | |
| GLEN ST. ANDREW LIVING | ) | |
| COMMUNITY, LLC; GLEN ST. | ) | |
| ANDREW LIVING COMMUNITY | ) | |
| REAL ESTATE, LLC; GLEN | ) | |
| HEALTH & HOME MANAGEMENT, | ) | |
| INC.; ALYSSA FLAVIN; CAROLYN | ) | |
| DRISCOLL; and SANDRA CUBAS, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANTS' MOTION TO DISMISS**</u>

Defendants, Glen St. Andrew Living Community, LLC; Glenn St. Andrew Living Community Real Estate, LLC; Glen St. Andrew Health & Home Management, Inc.; Alyssa Flavin; Carolyn Driscoll; and Sandra Cubas, by and through their attorneys, Gordon & Rees LLP, move for the dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support, Defendants state as follows:

**I.      INTRODUCTION**

On July 27, 2016, Plaintiff, Marsha Wetzel (hereinafter referred to as "Plaintiff" or "Wetzel"), filed the instant action against Glen St. Andrew Living Community, LLC; Glenn St. Andrew Living Community Real Estate, LLC; Glen St. Andrew Health & Home Management, Inc.; Alyssa Flavin (Executive Director at Glen St. Andrew); Carolyn Driscoll (Director of Supportive Services and Director of Resident Relations at Glen St. Andrew); and Sandra Cubas (Regional Director of Operations for Glen St. Andrew). *See generally, docket entry #1*, *Exhibit A*. Plaintiff alleges that in November of 2014 she moved in to an apartment at Glen St. Andrew

Living Community ("GSALC"), and shortly thereafter she began to be discriminated against and harassed by *other tenants* because of her sexual orientation (lesbian), including her having a relationship with another woman, Judith Kahn. *Id*. at ¶4. The Plaintiff alleges violations of the Fair Housing Act, Section 3604(b) and Section 3617, for discrimination based on her sex, as well as violations of the Illinois Human Rights Act ("IHRA"), for discrimination based on her sex and sexual orientation. *Id*. at Count I and Count II.

Specifically, the Plaintiff alleged the following instances of harassment all of which occurred *by other tenants*:

- In April of 2015 Robert Herr (tenant) verbally harassed Plaintiff using homophobic slurs. *Id.* at ¶28.;
- In July of 2015 Robert Herr (tenant) uttered a homophobic slur and "rammed" Plaintiff's scooter with his walker. *Id.* at ¶30.;
- Continued utterances of homophobic slurs by Robert Herr (tenant). *Id.* at ¶32.;
- Elizabeth Ribera (tenant) making disparaging statements regarding Plaintiff's sexual orientation. *Id.* at ¶33.;
- Elizabeth Rivera ramming her chair into Plaintiff's table in the dining hall. *Id.* at ¶33.;
- Elizabeth Rivera's (tenant) spitting on Plaintiff's shirt. *Id.* at ¶34.;
- Audrey Chase (tenant) stating a homophobic slur to Plaintiff. *Id.* at ¶35.;
- Robert Herr (tenant) hit Plaintiff's motorized chair with his scooter and Audrey Chase (tenant) reporting that it was Plaintiff that hit Robert Herr (tenant). *Id.* at ¶36.;
- January 5, 2016, attack in the mail room—Plaintiff suspects this was Robert Herr (tenant). *Id.* at ¶44-45, 47.;
- Robert Herr (tenant) not allowing Plaintiff back into the building after she had been outside smoking. *Id.* at ¶59.

Notably, the Plaintiff does not allege that she was subjected to any harassment or discrimination by the Defendants nor does she allege that any of the Defendants' actions were motivated by a discriminatory intent. *See Docket No. 1, generally*. Rather, the Plaintiff readily admits throughout the entirety of her Complaint that the harassment was solely from the tenants. *Id*. The Plaintiff's only allegations against the Defendants are that they failed to prevent or intervene in the tenant-on-tenant harassment, or failed to investigate her complaints. However, importantly,

Plaintiff never alleges that the Defendants' alleged refusal to intervene in the tenant-on-tenant harassment was based on the Defendants' own discriminatory animus.

As is discussed in more detail below, the Plaintiff's Complaint must fail for several reasons. First, the Plaintiff has not plead any discriminatory intent on the part of the Defendants, which is required to state a claim under the Fair Housing Act and Illinois Human Rights Act. Second, the Plaintiff's sole basis for brining claims under the Fair Housing Act and Illinois Human Rights Act are incidents of tenant-on-tenant harassment, and a landlord cannot be liable for tenant-on-tenant harassment. Third, the Section 3604(b) claim must fail because Section 3604(b) does not apply to claims of post-acquisition harassment or discrimination. Lastly, Glen St. Andrew Living Community Real Estate, LLC must be dismissed as they are not a proper party to the lawsuit.

## II.     LEGAL STANDARD: FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Rule 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, all well-pleaded facts are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *Hale v. Chu*, 614 F.3d 741, 744 (7th Cir. 2010) (internal citations omitted). The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id.* (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). To withstand a motion brought under Rule 12(b)(6), plaintiffs must allege "more than an unadorned, the 'defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint that contains allegations that are "merely consistent with a defendant's liability … stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted). Moreover, if the complaint so unmistakably establishes the presence of a defense that the suit is

rendered frivolous, the affected allegations can be dismissed before a responsive pleading is filed. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

**III.   ARGUMENT**

> **A.  *The Plaintiff's Fair Housing Claims Must Be Dismissed As The Plaintiff Has Failed to Plead Any Intentional Discrimination On The Part Of The Defendants.***

Section 3604(b) of the Fair Housing Act makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." To establish a claim under Section 3604(b), the Plaintiff must plead that the defendant had discriminatory intent when making its decision or by showing that the decision caused a discriminatory effect. *See Edwards v. Lake Terrace Condo. Ass'n*, 2011 U.S. Dist. LEXIS 43304, *12 (N.D. Ill. 2011) (dismissing plaintiff's complaint for failing to plead any discriminatory intent on the part of the defendant).

Section 3617 of the Fair Housing Act prohibits "interfer[ing] with any person in the exercise or enjoyment of, or on account of [her] having exercised or enjoyed, . . . any right granted or protected by Section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. The Seventh Circuit has held that, to succeed on a Section 3617 claim for interference, a plaintiff must only show that "(1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) **the defendants were motivated by an intent to discriminate.**" *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009). (Emphasis added).

Similar to Section 3604(b), the Seventh Circuit has repeatedly held that discriminatory intent is a requirement of Section 3617, and that the plaintiff's complaint must be dismissed where

she has failed to plead that the defendant's acted with an intent to discriminate. *See Davis v. Fenton,* 2016 U.S. Dist. LEXIS 50145. *26 (N.D. Ill. 2016) (granting defendant's motion to dismiss where plaintiff failed to allege that the defendant's actions were motivated by prohibited discrimination); *Bloch*, 587 F.3d at 783; *Echemendia v. Gene B. Glick Mgmt. Corp.*, 199 F. App'x 544, 547 (7th Cir. 2006) ("[t]o prevail on a claim of retaliation under § 3617 of the FHA, [the plaintiff] must show *both* a retaliatory motive and [the defendant's] intent to discriminate on a forbidden ground[.]"); *East-Miller v. Lake Cty. Highway Dep't*, 421 F.3d 558, 563 (7th Cir. 2005) ("[A] showing of intentional discrimination is an essential element of a §3617 claim."); *Sofarelli v. Pinellas Cty.*, 931 F.2d 718, 722 (11th Cir. 1991) (requiring plaintiffs to show "that race played some role" in the defendants" actions that allegedly violated §3617).

Illinois courts have looked to the Fair Housing Act in interpreting the Illinois Human Rights Act, and therefore the Plaintiff's Illinois Human Rights Act claims will be subject to the same analysis and case law as the Fair Housing Act claims. *See Norville v. Dep't of Human Rights*, 792 N.E.2d 825, 827 (Ill. App. Ct. 2003).

Here, the Plaintiff does not allege any discriminatory motive or intent to discriminate on the part of the Defendants. In fact, the Plaintiff only alleges that the other residents at the facility were responsible for the alleged harassment, and as is discussed in detail below, the Defendants cannot be liable for the actions of its tenants. The Plaintiff does allude to some acts by the Defendants in her Complaint, including coming to her room to question the Plaintiff about smoking in the facility, and addressing the terms of her lease; however, the Plaintiff never alleges that the actions of the Defendants were the result of intentional discrimination.[1] One would assume that the since the Plaintiff has detailed several instances of discriminatory behavior *by tenants* in her Complaint, she

---

[1] The Plaintiff does make one reference to staff members asking if the Plaintiff was gay when she visited the other resident. However, this one comment does not rise to the level of discrimination or harassment required under the Fair Housing Act and Illinois Human Rights Act. *See Dicenso v. Cisneros,* 96 F.3d 1004, 1008-09 (7th Cir. 1996).

would have included these same allegations against the Defendants if they existed. However, the Plaintiff's Complaint makes clear that no such intent to discriminate occurred on the part of the Defendants, and therefore the Plaintiff cannot state a claim under the Fair Housing Act or Illinois Human Rights Act.

The Plaintiff tries to work around the discriminatory intent requirement by labeling the Defendants' conduct as "retaliation." However, in order to state a claim for retaliation under the Fair Housing Act and Illinois Human Rights Act, the Plaintiff still must plead a discriminatory intent on the part of the Defendant—a requirement which the Plaintiff has failed to meet. *Bloch*, 587 F.3d at 783; *Echemendia v. Gene B. Glick Mgmt. Corp.*, 199 F. App'x 544, 547 (7th Cir. 2006) ("[t]o prevail on a claim of retaliation under §3617 of the FHA, [the plaintiff] must show *both* a retaliatory motive and [the defendant's] intent to discriminate on a forbidden ground"). Accordingly, because the Plaintiff's Complaint is silent as to any discriminatory motive on the part of the Defendants, the Plaintiff's Complaint must be dismissed as it fails to plead sufficient facts to state a cause of action under the Fair Housing Act or Illinois Human Rights Act.

In addition to the Plaintiff's failure to plead any intentional discrimination by the Defendants as a whole, the Plaintiff has also failed to state any separate intentional discrimination on the part of the individual defendants. Accordingly, the Plaintiff's allegations against the individual defendants are duplicative of those allegations against Glen St. Andrew Living Community, LLC and Glen St. Andrew Health & Home Management, Inc., and therefore those claims should be dismissed as a matter of law.

**B. *The Plaintiff's Fair Housing Claims Must Be Dismissed Because The Defendants Cannot Be Liable For Tenant-on-Tenant Harassment.***

Courts around the country have routinely found that a landlord or property management company cannot be liable for a tenant's harassment of another or "tenant-on-tenant" harassment. In

fact, one court in the Seventh Circuit has dismissed the plaintiff's complaint against a landlord, stating that a landlord cannot be liable under the Fair Housing Act as a result of tenant-on-tenant harassment. *See Smith v. Hous. Auth. Of South Bend*, 867 F.Supp.2d 1004, 1013 (N.D. Ind. 2012). Further, a review of the case law from other jurisdictions also shows that tenant-on-tenant harassment will not impose liability on a landlord or property management company. *See Francis v. King Park Manor, Inc.*, 91 F.Supp.3d 420 (E.D. N.Y. 2015); *Ohio Civil Rights Commission v. Akron Metro. Housing Authority*, 119 Ohio St.3d 77 (Ohio 2008) (finding that tenant-on-tenant harassment is not actionable against a landlord. The Court further noted that a landlord's authority to evict a tenant who disturbs another's peaceful enjoyment of their accommodations is insufficient to hold the landlord liable for that tenant's discriminatory behavior).

These same courts have also held that a landlord or property management company's refusal to intervene in tenant-on-tenant harassment will <u>not</u> subject those entities to liability. *Smith*, 867 F.Supp.2d at 1013 (holding that Plaintiff's allegations that landlord refused to intervene in tenant's harassment of the Plaintiff did not provide for a cause of action under the Fair Housing Act); *Francis* 91 F.Supp.3d at 420 (dismissing plaintiff's complaint for failure to state a claim under the Fair Housing Act. The court held that a landlord's failure to intervene in tenant-on-tenant harassment, without more, was insufficient to state a cause of action under the Fair Housing Act); *Lawrence v. Couryards at Deerwood Association, Inc.*, 318 F.Supp.2d 1133, 1144 (S.D. Fla. 2004) (in dismissing the plaintiff's complaint, the court found that a landlords failure to intervene in a tenant's harassment of another tenant was insufficient to state a claim under the Fair Housing Act).[2]

In finding that a landlord or property management company cannot be liable for failing to intervene in tenant-on-tenant harassment, courts have looked at the well-settled case law requiring

---

[2] Illinois courts have looked to the Fair Housing Act in interpreting the Illinois Human Rights Act, and therefore the Plaintiff's Illinois Human Rights Act claims will be subject to the same analysis and case law as the Fair Housing Act claims. *See Norville v. Dep't of Human Rights*, 792 N.E.2d 825, 827 (Ill. App. Ct. 2003).

that the plaintiff specifically plead that the defendant engaged in intentional discrimination in order to state a claim under the Fair Housing Act and Illinois Human Rights Act. *Francis*, 91 F.Supp.3d 420. Specifically, these courts have held that a defendant's not intervening in tenant-on-tenant harassment, without evidence of intentional discrimination, fails to state a claim under the Fair Housing, because if such a claim were allowed to stand it would erase the required element of these claims—intentional discrimination. *Id*.

As discussed in detail above, the factual allegations in Plaintiff's Complaint make clear that the Plaintiff is only complaining about tenant-on-tenant harassment, and nowhere in the Complaint does the Plaintiff allege that the Defendants' conduct was the result of any discriminatory animus. The law is clear that a landlord does not have a duty to intervene in a tenant's harassment of another tenant, and a landlord's failure to intervene will not impose liability on them under the Fair Housing Act or Illinois Human Rights Act. Further, the Fair Housing Act and Illinois Human Rights Act require that the landlord actually create the alleged hostile environment, rather than simply be a bystander to others' harassment, and the Plaintiff has not alleged any independent acts of harassment on the part of the Defendants. Even more importantly, the Plaintiff has not alleged that the Defendants failed to intervene because of any discriminatory intent—rather, the Plaintiff simply seeks to hold the Defendant's liable for their failure to act, a claim which the Seventh Circuit and other courts have repeatedly rejected. Accordingly, the Plaintiff's Complaint—which is solely concerned with harassment by other residents—must be dismissed as a matter of law.

**C. *Any Claims Under Section 3604(b) Must Be Dismissed As The Alleged Harassment Occurred Post-Acquisition.***

As stated above, Section 3604(b) makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status,

or national origin." In post-acquisition cases (where the plaintiff has already leased the property), Section 3604(b) is only applicable where there are allegations of constructive eviction, *Bloch*, 587 F.3d at 779, or discriminatory restrictions imposed by condo boards or homeowners associations, such as "conditions" of sale or rental. *Id.* In order to allege constructive eviction, a plaintiff must allege that his/her "residence is 'unfit for occupancy,' often to the point that she is 'compelled to leave." Id. at 777

Here, the Plaintiff alleges that she experienced the alleged harassment after she began renting her unit, and therefore any Section 3604(b) claim must be analyzed under the post-acquisition requirements, which the Plaintiff clearly cannot meet. The Plaintiff has not alleged constructive eviction or that her unit was unavailable to her as a result of some discrimination by the Defendants. Accordingly, any claim by the Plaintiff under Section 3604(b) must be dismissed as the Plaintiff cannot state a claim for post-acquisition discrimination.

D. ***Glen St. Andrew Living Community Real Estate, LLC Is An Improper Party, And Therefore Must Be Dismissed.***

Defendant Glen St. Andrew Living Community Real Estate, LLC ("GSALC Real Estate, LLC") must be dismissed because Plaintiff completely fails to assert any factual allegations against GSALC Real Estate, LLC. *See Stevens v. Hollywood Towers & Condo Ass'n*, 836 F.Supp.2d 800 (N.D. Ill. 2011). In Plaintiff's Complaint, she alleges one single allegation against Defendant GSALC Real Estate, LLC. She alleges only that GSALC Real Estate, LLC owns the land and the building where the subject property is located. *See* Pl. Compl. ¶ 12. GSALC Real Estate, LLC does not lease the property, does not manage the property, and does not employ anyone who leases or manages the property. *See generally* Pl. Compl. ¶ 13-17.

Further, Plaintiff alleges absolutely no involvement, control, connection, association, or participation with any alleged discriminatory behavior by GSALC Real Estate, LLC throughout the

9

entirety of her Complaint. *See generally* Pl. Compl. As discussed more fully above, where Plaintiff fails to allege any intent to discriminate, the claims must be dismissed under Rule 12(b)(6). *Edwards*, 2011 U.S. Dist. LEXIS at \*12; *Davis,* 2016 U.S. Dist. LEXIS at \*26. Not only does Plaintiff fail to allege intent here, she wholly negates to allege anything against GSALC Real Estate, LLC besides the fact that they own the land and building. Plaintiff's Complaint is completely devoid of any allegations demonstrating that GSALC Real Estate, LLC denied her equal housing opportunities or created a hostile housing environment, as alleged against the other Defendants. What is more, Plaintiff does not submit any factual allegations that other Defendants were acting as agents for GSALC Real Estate, LLC. There are absolutely no allegations pertaining to any alleged discriminatory behavior on the part of GSALC Real Estate, LLC, and therefore GSALC Real Estate, LLC must be dismissed from this lawsuit.

## CONCLUSION

WHEREFORE, Defendants Glen St. Andrew Living Community, LLC; Glenn St. Andrew Living Community Real Estate, LLC; Glen St. Andrew Health & Home Management, Inc.; Alyssa Flavin; Carolyn Driscoll; and Sandra Cubas respectfully request that this Honorable Court enter an order dismissing Plaintiff's Complaint in its entirety with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for such further relief as this Court deems just and proper.

Dated: August 22, 2016                    Respectfully submitted,

By:   /s/ Lindsay A. Watson
                Lindsay A. Watson (#6301139)
                lwatson@gordonrees.com
                **GORDON & REES, LLP**
                One North Franklin, Suite 800
                Chicago, Illinois 60606
                Phone: (312) 565-1400
                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record:

| | |
|---|---|
| Karen L. Loewy | Kyle Palazzolo |
| LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. | LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. |
| 120 Wall Street, 19th Floor | 105 W. Adams, 26th Floor |
| New York, NY 10005 | Chicago, IL 60603-6208 |
| Ph. (212) 809-8585 | Ph. (312) 663-4413 |
| kloewy@lambdalegal.org | kpalazzolo@lambdalegal.org |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

Respectfully submitted,

By:    /s/ Lindsay A. Watson
Lindsay A. Watson (#6301139)
lwatson@gordonrees.com
**GORDON & REES, LLP**
One North Franklin, Suite 800
Chicago, Illinois 60606
Phone: (312) 565-1400
*Attorneys for Defendants*

/29325270v.1