IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHA WETZEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 7598 |
| | ) | |
| GLEN ST. ANDREW LIVING | ) | |
| COMMUNITY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants Glen St. Andrew Living Community, LLC's (GSALC), Defendant Glen St. Andrew Living Community Real Estate, LLC's, Defendant Glen Health & Home Management, Inc.'s, Defendant Alyssa Flavin's (Flavin), Defendant Carolyn Driscoll's (Driscoll), and Defendant Sandra Cubas' (Cubas) motion to dismiss. For the reasons stated below, Defendants' motion to dismiss is granted.

## BACKGROUND

Marsha Wetzel (Wetzel) alleges that she moved to GSALC in November 2014. Wetzel alleges that she signed a tenant agreement with GSALC on November 26, 2014 to rent an apartment and in exchange for her rental payment, GSALC would

1

provide a private room, bathroom, utilities, maintenance, laundry facilities, three meals a day, access to community rooms and other necessities. Wetzel alleges that over fifteen months, she was subjected to a severe and pervasive pattern of discrimination, threats, harassment, and intimidation because of her gender and sexual orientation. Wetzel includes in her complaint claims brought under the Fair Housing Act (FHA) for alleged violations of 42 U.S.C. § 3617 (Section 3617) and 42 U.S.C. § 3604 (Section 3604) (Count I), and claims brought under the Illinois Human Rights Act, 775 ILCS 5/3-102, 5/3-105.1 (Count II). Defendants move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007));

2

see also *Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I. Section 3617 Claims

    A. Discriminatory Intent.

Defendants argue that Wetzel's FHA Section 3617 claim should be dismissed because Wetzel has failed to plead any intentional discrimination on the part of the Defendants. The FHA prohibits "interfer[ing] with any person in the exercise or enjoyment of, or on account of [her] having exercised or enjoyed, . . . any right granted or protected by Section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. The Seventh Circuit has established that in order to prevail on a Section 3617 claim, the plaintiff must show that "(1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were

3

motivated by an intent to discriminate." *Bloch v. Frischholz,* 587 F.3d 771, 783 (7th Cir. 2009). The Seventh Circuit has stated that "a showing of intentional discrimination is an essential element of a § 3617 claim." *East-Miller v. Lake County Highway Dept.,* 421 F.3d 558, 563 (7th Cir. 2005). A plaintiff must show that the defendants "had a discriminatory intent either directly, through direct or circumstantial evidence, or indirectly, through the inferential burden shifting method known as the *McDonnell Douglas* test." *Kormoczy v. Sec'y, U.S. Dep't of Hous. & Urban Dev.*, 53 F.3d 821, 823-24 (7th Cir. 1995).

Wetzel argues that she is not required to allege discriminatory intent and cites to *Texas Dep't. of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.,* 135 S. Ct. 2507 (2015). However, in *Inclusive Communities Project,* the Supreme Court found that discriminatory intent is not required to be plead in cases alleging disparate-impact under the FHA. *Id.* at 2518-19. In contrast, a "plaintiff must establish that the defendant had a discriminatory intent or motive" when pleading a disparate-treatment case. *Id.* at 2513. In the instant action, Wetzel alleges a claim of disparate-treatment under the FHA. Thus, Wetzel is required to plead facts alleging discriminatory intent by Defendants.

Defendants argue that Plaintiff has failed to allege any discriminatory motive or intent to discriminate on the part of Defendants due to her sexual orientation and/or gender. Defendants contend that Wetzel's complaints relate to discriminatory actions by other tenants, for which the Defendants cannot be held liable. Wetzel alleges that she was verbally harassed by tenants. Wetzel also alleges that she was

4

physically harassed by other tenants due to her sexual orientation and gender. Wetzel alleges that she complained about the tenant's harassment to Defendants and that the harassment did not end.  On April 24, 2016, Wetzel alleges that she was awoken at 5:00 am and was physically confronted by Defendants' employees after they accused her of smoking in the room.  Wetzel alleges that she called the police and filed a police report in regards to the incident.  Wetzel argues that Defendants actions and failure to intervene constitute an implicit ratification of the other tenants' discrimination.

Wetzel does not allege any discriminatory motive or intent to discriminate on the part of the Defendants.  Wetzel does not allege any facts that suggest any actions taken against her by Defendants that were based on her gender or sexual orientation.  Wetzel fails to cite any discriminatory animus, motive, or intent.  Thus, Wetzel has fails to allege facts that plausibly suggest a right to pursue relief under Section 3617.

Wetzel argues that holding landlords liable for tenant-on-tenant discrimination where the landlord was aware of the discrimination is consistent with the underlying purpose of the FHA.   However, Wetzel fails to cite controlling precedent establishing this legal standard and the Seventh Circuit precedent indicates that intent to discriminate should be pled.  *See Bloch,* 587 F.3d at 771. Therefore, Defendants' motion to dismiss the Section 3617 claims is granted.  To the extent Wetzel references conduct by Defendants after she complained, the court notes that Wetzel has not pled a retaliation claim.

II. Section 3604(b) Claims

Defendants argue that Wetzel has failed to state a claim under Section 3604(b). Section 3604(b) makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Depriving an individual of "the right to inhabit the premises. . .by making the premises uninhabitable violates Section 3604(b)." *Bloch,* 587 F.3d at 779. In post-acquisition cases, Section 3604(b) may apply to bring a claim of constructive eviction. *See Bloch*, 587 F.3d at 779 (7th Cir. 2009)(stating that constructive eviction is an option for post-acquisition cases under Section 3604). In order "[t]o establish a claim for constructive eviction, a tenant need not move out the minute the landlord's conduct begins to render the dwelling uninhabitable." *Bloch*, 587 F.3d at 778. However, "it is well-understood that constructive eviction requires surrender of possession by the tenant." *Id.* Also, "[i]f the tenant fails to vacate within a reasonable time, she waives her claim for constructive eviction." *Id*. Wetzel contends that post-acquisition claims may be alleged under the FHA. Defendants do not dispute that contention. However, Defendants argue that Wetzel's allegations fail to contain sufficient facts stating a plausible cause of action under Section 3604. Wetzel alleges that she continues to reside at GSALC. Wetzel also fails to allege GSALC is uninhabitable, and, as stated above, does not allege that Defendants acted as they did due to her sexual orientation or gender. Accordingly, Wetzel has failed to state facts that plausibly suggest a right

6

to pursue relief under Section 3604(b). Therefore, Defendants' motion to dismiss the Section 3604 claims is granted.

III. Remaining State Law Claims

Having resolved the federal claims in this case, the court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law claims. Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, In exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law claims brought under the IHRA. Such claims are therefore dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   January 18, 2017